NO. 07-12-00078-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 DECEMBER 4, 2012

 ANDRE PARTEE,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

 NO. 4117; HONORABLE STEVEN RAY EMMERT, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Appellant Andre Partee was charged with possession of marijuana in an
amount of 2000 pounds or less but more than fifty pounds. After pleading
guilty, he was placed on seven years deferred adjudication in 2005 pursuant
to a plea bargain agreement. In 2011, the State filed a motion to proceed
with adjudication of his guilt. After a hearing, the trial court found
that he had violated various conditions of his probation, adjudicated his
guilt, and sentenced him to twelve years in prison and a $5,000 fine.
 Appellant's appointed counsel filed a motion to withdraw, together
with an Anders[1] brief, wherein he certified that, after diligently
searching the record, he concluded that the appeal was without merit.
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counsel's belief that there was no reversible
error and of appellant's right to file a brief or response pro se. By
letter dated May 3, 2012, this court also notified appellant of his right
to file his own brief or response by June 4, 2012, if he wished to do so.
To date, no response has been filed.
 In compliance with the principles enunciated in Anders, appellate
counsel discussed potential areas for appeal which included 1) the failure
of the trial court to sustain appellant's hearsay and confrontation clause
objections, 2) the sufficiency of the evidence to support the allegations
that he failed to maintain suitable employment, pay child support, and make
payments of court costs, fines, and probation fees, and 3) a recitation
error in the judgment with respect to the plea bargain agreement. However,
he then proceeded to explain why the issues would result in no relief being
granted to appellant.
 In addition, we conducted our own review of the record to assess the
accuracy of appellate counsel's conclusions and to uncover any arguable
error pursuant to Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991).
 After doing so, we concur with counsel's conclusions.
 However, we note that counsel is correct that the judgment is in
error in its recitation that there was a plea bargain agreement with
respect to the adjudication of appellant's guilt. It is also an inaccurate
recitation of the original plea bargain. To maintain the accuracy of the
record, the judgment is modified to delete the reference to a plea bargain
agreement with respect to the judgment adjudicating guilt. As modified,
the trial court's judgment is affirmed, and counsel's motion to withdraw is
granted.

 Per Curiam
Do not publish.

-----------------------
 [1]See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).